[No. 431. Decided February 9, 1892.]

THE STATE OE WASHINGTON, *on the Relation of Mary Cougill,* v. MORRIS B. SACHS, *as Judge of the Superior Court of Jefferson County.*

SPECIAL JUDGE—APPOINTMENT—POWERS—PRESUMPTION AS TO REGULARITY OF APPOINTMENT—ESTOPPEL.

Where the attorneys for parties to an action agree upon a member of the bar as a judge *pro tem.* for the trial of their case, and such agreement is approved by the judge of the court, and the approval entered upon the journal, and the judge *pro tem.* properly sworn to try the case, the presumption arising from the journal entries is that a written stipulation, as required by Laws 1889–90, p. 343, § 11, was entered into for the appointment of such judge *pro tem.*

Where the defendant in an action appears and cries his cause before a judge *pro tem.*, he is estopped from thereafter raising the question as to the legality of such appointment.

Where a cause has been transferred to a judge *pro tem.* for trial, he retains jurisdiction of it to the end, and an order vacating his judgment rendered in the cause, made by the regularly elected judge of said court, is void.

*Original Application for Certiorari.*

*John Trumbull,* for relator.

The opinion of the court was delivered by

SCOTT, J.—This is a proceeding by *certiorari* to review the action taken in the superior court of Jefferson county in a cause wherein the relator was plaintiff and "The Farmers and Merchants Insurance Company, incorporated," was defendant. It appears by the record herein that said action was commenced in the district court of Jefferson county, Washington Territory, on the 9th day of July, 1889; that on the 13th day of August, 1889, Morris B. Sachs, Esq., appeared as attorney for the defendant and filed a demurrer and motion for a bill of particulars. That afterwards at the election held on the first Tuesday of Oc-

tober, 1889, the said Morris B. Sachs was elected judge of
the superior courts for the counties of Jefferson and others,
and that afterwards he duly qualified and entered upon the
discharge of his duties as such judge. That W. F. Hays,
Esq., succeeded said judge as attorney for said defendant,
and thereafter at the first term of court after his election,
said judge declined to preside at the trial of said cause in
consequence of his previous connection therewith as an at-
torney. That afterwards, on the 15th day of September,
1890, the attorneys for said parties agreed to try the case
before a judge *pro tempore,* and agreed upon one E. C.
Johnson, Esq., a member of the bar of this state, residing
at Port Townsend, which agreement was at said time ap-
proved by Sachs, judge, and said approval entered upon
the journal of said court. That said judge *pro tempore*
duly subscribed and took the oath as by statute provided,
and on the 11th day of December, 1890, the said cause was
tried before him without a jury. Both parties were pres-
ent in court, and no objection was made by either of them
to the judge *pro tempore.* Judgment was rendered in favor
of the plaintiff. Immediately thereafter a motion was made
by the defendant for a new trial, which was on the 16th day
of May, 1891, argued before the judge *pro tempore* by the
attorneys for said parties, and denied. That on the 23d
day of June, 1891, the defendant filed a motion to vacate
the judgment rendered in said cause on the ground that
the judge *pro tempore* was not qualified to act because the
parties had not signed an agreement for his appointment,
which motion was based upon the records and files in the
cause. Said motion came on to be heard on the 27th day
of June, 1891, and without any previous intimation was
brought up before Sachs, J. The plaintiff objected to such
proceedings on the grounds that said judge was disqualified;
that he had no jurisdiction, and that said cause was then
pending before the judge *poo tempore.* But notwithstand-

ing such objections said judge proceeded to hear the argument on the motion, and made an order thereon which, reciting that "it appearing to the court that the said judge *pro tempore* was not appointed by agreement in writing, signed by the parties, or their attorneys, and approved by the court," purported to vacate and set aside the judgment.

No proof or showing was made upon the hearing of the motion of any matter other than those appearing of record in said cause. But said ground was sustained because the record does not affirmatively show that the parties entered into a written stipulation for the appointment of said judge *pro tempore*. The statute, § 11, Laws 1889–90, p. 343, provides that:

"A case in the superior court of any county may be tried by a judge *pro tempore*, who must be a member of the bar, agreed upon in writing by the parties litigant, or their attorneys of record, approved by the court, and sworn to try the case."

The matters with reference to the appointment of the judge *pro tempore* in this case are cited in various journal entries made therein, but it is not stated in any of them, nor does the record here show in any way, that the agreement aforesaid was submitted in writing, and the defendant contends that, as it does not appear that a written agreement for such appointment had been entered into, the appointment of the judge *pro tempore* was void, and that this was a matter which could not be waived by the parties. This view of the proceeding cannot be sustained. The action of the court in vacating the judgment is invalid for several reasons. The presumption arising from the journal entries is, that a written stipulation was entered into for the appointment of the judge *pro tempore*, and this presumption was not overcome in any way. There is nothing in the record here showing as a matter of fact that such a stipulation was not on file in the case when the motion to vacate

was heard. No such presumption can obtain from the bare recital contained in the order setting aside the judgment to overrule the presumption in favor of the regularity of the prior proceedings, which are otherwise unquestioned. But whatever the facts were as to said agreement having been in writing, the defendant was precluded from making such an attack. He was estopped by this action in appearing and trying the cause before the judge *pro tempore,* without objection, and could not be heard to raise the question thereafter. The fact is, if it is a fact, that the agreement was not in writing would not render the appointment void under the circumstances, and a party must seasonably object thereto to take any advantage thereof, and after having failed to seasonably raise the question no inquiry into the fact will be permitted.

It has been held in other states that a statutory provision requiring such an agreement to be in writing may be waived by the parties. See *Greenwood v. State,* 116 Ind. 485 (19 N. E. Rep. 333); *Cargar v. Fee,* 119 Ind. 536 (21 N. E. Rep. 1080); Freeman on Judgments, § 148. And there is no good reason for holding otherwise. No question of public policy can enter into the manner of the appointment in such a respect. The statute in question must be given a reasonable interpretation. It can have effect where the agreement is made out of court, or preceding the action of appointment or approval by the judge, and unless the agreement is made or consent given in open court in some manner it must be by a written stipulation. In this case consent was given in open court, and for that matter it was put in writing at the time in the shape of a journal entry, although, of course, it was not signed by the parties or their attorneys.

Furthermore, the judge who granted the motion to vacate had no jurisdiction in the premises. He was disqualified from acting therein by the provision contained in

sub-division 4, § 51 of the Code of 1881, providing that a judge is disqualified when he has been of counsel for either party. The statute authorizes him to grant a change of venue in such cases and his right to approve the agreement of the parties for the appointment of a judge *pro tempore* is not questioned in this case, and there seems to be no good reason why he should not be allowed to approve thereof. The agreement of the parties is the important matter connected with such an appointment, not the method by which the agreement is evidenced, and if the party agreed upon is otherwise qualified under the statute, the approval of such an agreement by the judge is rather a matter of form than otherwise, very like that of directing a change of venue where the judge is disqualified. No other objection than the one specified was raised to the appointment of the judge *pro tempore* in this instance, and it appears that he had all the necessary requisites. The action had before Sachs, J., purporting to set aside the judgment was more than irregular; it was void because said judge was disqualified under the statute, he having been an attorney in the case. It was also void because the cause had in fact been transferred to said judge *pro tempore*, and he would retain jurisdiction of it to the end. All subsequent proceedings therein should have been had before him as if he were the regularly elected judge. See *Nebraska Mfg. Co. v. Maxon*, 23 Neb. 224 (36 N. W. Rep. 492); *Frevert v. Swift*, 19 Nev. 363 (11 Pac. Rep. 273); *People v. De La Guerra*, 24 Cal. 73.

The order vacating the judgment is set aside and held for naught. The relator will recover her costs herein of the defendant insurance company aforesaid.

Dunbar and Hoyt, JJ., concur.

Anders, C. J., and Stiles, J., concur in the result.