[Nos. 4917–5–III; 5122–6–III.   Division Three.   May 3, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. LARRY
EUGENE SAIN, *Appellant.*

THE STATE OF WASHINGTON, *Respondent,* v. BOBBY
JOE SAIN, ET AL, *Appellants.*

*John G. Burchard, Jr., Public Defender,* for appellant Larry Sain.

*R. J. Sloan, Jr.,* and *Hancock, Rawson & Sloan,* for appellants Bobby Sain, et al.

*Douglas S. Boole, Prosecuting Attorney,* for respondent.

GREEN, J.—In a jury trial presided over by a judge pro tempore, Larry Sain, Bobby Sain, and Charles Barton were convicted of first degree robbery. They appeal. We reach two issues: (1) Did the judge pro tempore have jurisdiction to rule on pretrial motions and preside over this trial? (2) Was it error to deny a continuance of the trial date for Bobby Sain and Charles Barton? We reverse.

Defendants were charged by information on September 10, 1981. Trial was originally set in Okanogan County for early November but was continued to December 2 by Judge Kohls at the State's request. Meanwhile, due to the illness of Judge Kohls, visiting judges and judges pro tempore were handling the docket. John Burchard, who had been appointed to represent the three defendants, and the prosecuting attorney were consulted about whether a retired judge, Richard Ennis, would be acceptable as a judge pro tempore. Mr. Burchard, without consulting with his clients, orally indicated Judge Ennis would be acceptable. On November 25, defendants moved for a continuance of the trial date. This motion was heard by telephone and denied. During that conversation, Mr. Burchard reaffirmed his acceptance of Judge Ennis—still without his clients' authority. Later, Judge Ennis stated he understood all parties agreed to his presiding over the case. Unfortunately, no record was made of these conversations, and at that time a

written stipulation and oath had not been signed.

On November 30, Mr. Burchard moved to withdraw as counsel because he discovered a conflict of interest between the defendants. Mr. Burchard's motion to withdraw was granted as to Bobby Sain and Charles Barton; however, he remained counsel for Larry Sain. The motion for continuance was denied. No record was made of this hearing.

On December 1, the day before trial, John Sloan was appointed as counsel for Bobby Sain and Charles Barton. He promptly filed a motion on behalf of his newly acquired clients to sever and continue the trial date. This motion was heard by Judge Ennis in chambers that evening without benefit of a court reporter. Mr. Burchard was also present. It appears that counsel for all parties were required to sign a stipulation consenting to Judge Ennis being appointed judge pro tempore before the motion could be heard. Counsel represent they signed the stipulation with the understanding the question of the defendants' consent would be raised the following morning before trial. Mr. Burchard added to the stipulation, "Larry Sain is to sign later." Although Mr. Sloan had just been appointed and had virtually no time to consult with his clients, the motion for continuance was denied.

The following morning, prior to commencement of trial, Bobby Sain and Charles Barton signed the stipulation consenting to Judge Ennis hearing their case. Larry Sain refused to consent or sign the stipulation. Mr. Burchard urged that without Mr. Sain's consent, the court was without jurisdiction to proceed as to his client. Judge Ennis refused to recuse himself. Mr. Sloan again renewed his motion for a continuance and/or severance of the trial on the ground his appointment had just occurred, and he was unprepared to present his clients' case. The motion was again denied. Bobby Sain and Charles Barton orally withdrew their consent. After these preliminary proceedings, Judge Ennis executed the oath of office.

■ Const. art. 4, § 7 provides:

> A case in the superior court may be tried by a judge, pro tempore, who must be a member of the bar, *agreed upon in writing by the parties litigant, or their attorneys of record,* approved by the court and sworn to try the case.

(Italics ours.) This provision and RCW 2.08.180, which is virtually identical, are jurisdictional.[1] *National Bank v. McCrillis,* 15 Wn.2d 345, 359, 130 P.2d 901, 144 A.L.R. 1197 (1942). In *McCrillis,* at page 357, the court held:

> A judge *pro tem.,* under our statute, is appointed to hear one particular case. He does not derive his authority from a general election, nor from an appointment by an executive officer, but his power to act is based upon the consent of the parties litigant to his appointment. A judge *pro tem.,* under our statute, is not a superior court judge, and could make no claim to the office of superior court judge. We are of the opinion that it clearly appears from the constitutional and statutory provisions that *the* essential element to the valid appointment of a judge *pro tem.* which must exist is the consent of the parties. *State ex rel. Cougill v. Sachs,* [3 Wash. 691, 29 P. 446 (1892)].

In *State ex rel. Cougill v. Sachs,* 3 Wash. 691, 693–94, 29 P. 446 (1892), oral consent evidenced by an entry in the court's journal was held to be valid; however, the court further stated, "unless the agreement is made or consent given in open court in some manner it must be by a written stipulation." *Cougill,* at 694. *See also State v. McNairy,* 20 Wn. App. 438, 440, 580 P.2d 650 (1978).

The State argues that the consent by *defense counsel,* which was eventually reduced to writing and acknowledged in open court, was sufficient to satisfy the consent requirement here. We disagree. Mr. Burchard's signature was conditional upon securing Larry Sain's signature on the morning of trial. Mr. Sain refused to consent or sign the stipulation. This refusal deprived the court of jurisdiction to proceed as to Mr. Sain.

While an attorney is impliedly authorized to waive procedural matters, a client's substantial rights may not be

---

[1]We need not decide whether the untimely administration of the oath voids the proceedings.

waived without that client's consent. *Graves v. P.J. Taggares Co.,* 94 Wn.2d 298, 303, 616 P.2d 1223 (1980); *In re Coggins,* 13 Wn. App. 736, 537 P.2d 287 (1975). We find the right under Const. art. 4, § 5, to be tried in a court presided over by an elected superior court judge accountable to the electorate, is a substantial right. Thus, the requirement of Mr. Sain's written consent could not be waived by Mr. Burchard's unauthorized statements.

By analogy, we note in *Graves v. P.J. Taggares Co., supra* at 305, the court analyzed CR 39(a)(1) which, although addressing a civil defendant's right to a jury trial, contains similar language to Const. art. 4, § 7, and RCW 2.08.180:

> "When trial by jury has been demanded . . . [t]he trial . . . shall be by jury, unless (A) the parties or *their attorneys of record* . . . consent to trial by the court sitting without a jury".

(Italics ours.) In construing that provision, the court stated:

> the client must *specifically consent* to the withdrawal of a jury demand but that this consent may be communicated to the court by the client's attorney without the actual appearance of the party or the submission of a signed statement.

(Italics ours.) *Graves v. P.J. Taggares Co., supra* at 305.

The record before us leaves substantial doubt as to what happened prior to the morning of trial. In fact, there is no record of exactly what was said during the telephonic presentations to Judge Ennis or what precisely occurred the evening before trial. One thing is clear; Larry Sain refused to give his written consent to Judge Ennis sitting as judge pro tempore at his trial. While it is understandable how these events came about, hindsight indicates the defendants' written consent should have been obtained before Judge Ennis undertook any action in the case. Consequently, we are constrained to hold the judge pro tempore did not have jurisdiction to preside over the trial of Larry Sain and his conviction must be reversed and remanded for retrial.

We need not decide whether the attempted withdrawal of consent by Bobby Sain and Charles Barton was effective to deprive the court of jurisdiction because the court erred in refusing to grant a continuance as to them. Mr. Sloan was first notified that he had been appointed to represent them the day before trial. He diligently sought to clear his schedule and promptly moved for a continuance to allow time to prepare. He learned this motion could not be heard by the presiding judge but would be heard by the judge pro tempore, who was not available until late that afternoon. The motion was heard the evening before trial, denied, and renewed the next morning before trial. Mr. Sloan stated he could be ready for trial on December 18 and his inquiries indicated the case could be heard by Judge Cone on that date. He pointed out that he had only just interviewed his clients, had no chance to talk to witnesses, did not have instructions prepared and urged that his clients would be deprived of effective counsel if required to proceed. His position is well taken. The court in *State v. Hartwig*, 36 Wn.2d 598, 601, 219 P.2d 564 (1950), said:

> When the court recognized the constitutional right of appellant to have counsel and appointed an attorney to represent him, it then became the duty of the court to allow the appointed attorney a reasonable time within which to consult his client and make adequate preparation for trial. The constitutional right to have the assistance of counsel, Art. I, § 22, carries with it a reasonable time for consultation and preparation, and a denial is more than a mere abuse of discretion; it is a denial of due process of law in contravention of Art. I, § 3 of our constitution. *Commonwealth v. O'Keefe*, 298 Pa. 169, 148 Atl. 73; *Jones v. Commonwealth of Kentucky*, 97 F. (2d) 335; 14 Am. Jur. 886, Criminal Law, § 172; 16 C. J. S. 1187, Constitutional Law, § 591; Annotation, 84 A. L. R. 544.
>
> Although it may have been made to appear to the court that the issues of fact and law were comparatively simple, and hence a continuance was not needed, nevertheless it was the duty of appointed counsel to make a full and complete investigation of both the facts and the law in order to advise his client and prepare adequately

and efficiently to present any defenses he might have to the charges against him. No sufficient time was allowed for such purposes.

We find these observations controlling here. Reviewing the record, we cannot say beyond a reasonable doubt that giving counsel 1 day to prepare the defense of two defendants for a class A felony is harmless beyond a reasonable doubt. *State v. Burri,* 87 Wn.2d 175, 181, 550 P.2d 507 (1976).

Reversed and remanded for retrial as to all defendants.

Munson, A.C.J., and McInturff, J., concur.