[No. 26642-0-I.    Division One.    February 10, 1992.]

THE STATE OF WASHINGTON, *Respondent*, v. ANDRE
MICHAEL ROBINSON, *Appellant*.

*Eric Broman* of *Washington Appellate Defender Associa-
tion,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Regina Cahan,
Deputy,* for respondent.

PER CURIAM. — Andrew Michael Robinson appeals his
conviction for delivery of cocaine. We affirm.

### FACTS

In February 1990, Robinson was charged with one count
of delivery of cocaine. The case went to trial in April and
ended in an agreed mistrial.

The retrial was assigned to Judge Janice Niemi, pro tem-
pore. A stipulation, oath and order appointing Judge Niemi
was signed by the prosecutor, defense counsel, and the King
County Superior Court presiding judge, but Robinson was
not present at the time this order was signed. Robinson was
subsequently convicted as charged.

Robinson appealed to this court and raised two issues
relating to jurisdiction, and a third issue relating to his

sentence. He then moved for accelerated review of his sentence. On January 24, 1991, a commissioner of this court granted accelerated review, vacated the sentence, and remanded for resentencing. The commissioner also entered a ruling staying the jurisdictional issues pending the outcome of *State v. Osloond*, cause 24280-6-I.

On March 12, 1991, this court notified counsel that *State v. Osloond*, 60 Wn. App. 584, 805 P.2d 263, *review denied*, 116 Wn.2d 1030 (1991) had been filed, that the stay in the instant action was dissolved, and that the court moved pursuant to RAP 18.14 for an affirmance of the remaining issues on the merits.

On June 6, 1991, a commissioner of this court entered a ruling remanding the matter to the trial court for an evidentiary hearing on the issue of whether Robinson was advised that he had a right to an elected judge and whether he consented to the appointment of a judge pro tempore. The commissioner's ruling stayed consideration of the motion on the merits pending receipt by this court of the trial court's findings on remand.

On September 6, 1991, the trial court entered findings of fact which stated, in part, as follows:

> (1) That [defense counsel] did not inform his client Mr. Andre M. Robinson and Mr. Robinson was not aware that Judge Niemi was a judge pro tempore; further, Mr. Hirsch did not inform Mr. Robinson and Mr. Robinson was not aware that Judge Niemi was a state senator;
> (2) That [defense counsel] did not advise . . . Robinson and Mr. Robinson was not aware that he had a right to have an elected judge preside at his trial;
> (3) That . . . Robinson did not consent to the appointment of a judge pro tempore in this case.

The trial court concluded that "Robinson did not knowingly, intelligently, or voluntarily consent to the appointment of a judge pro tempore in this case." On October 15, 1991, this court informed counsel by letter that it had received the trial court's findings, and that the matter would be set for accelerated disposition.

## DECISION

Robinson first contends that Judge Niemi violated the doctrine of separation of powers when she served as a pro tempore judge because she is a state legislator. This court rejected precisely the same argument in *State v. Osloond*, 60 Wn. App. at 587-92, and the State Supreme Court recently approved and adopted the *Osloond* court's reasoning in *In re Niemi*, 117 Wn.2d 817, 820 P.2d 41 (1991). Therefore, the argument is controlled by *In re Niemi, supra*.

Robinson next argues that the trial court lacked jurisdiction to hear the case because he was never informed that Judge Niemi was a judge pro tempore and did not authorize his counsel to stipulate to a judge pro tempore.

Litigants have a right under article 4, section 5 of the Washington Constitution to have their cases heard in a court presided over by an elected superior court judge accountable to the electorate. *State v. Sain*, 34 Wn. App. 553, 557, 663 P.2d 493 (1983). However, under Const. art. 4, § 7 and RCW 2.08.180, a superior court case

> may be tried by a judge, pro tempore, who must be a member of the bar, agreed upon in writing by the parties litigant, *or their attorneys of record*, approved by the court and sworn to try the case.

(Italics ours.) Const. art. 4, § 7. The trial court's findings on remand establish that Robinson's counsel stipulated in writing to a judge pro tempore, but did not obtain consent or authorization to do so from his client. *Citing State v. Sain, supra*, and *Mitchell v. Kitsap Cy.*, 59 Wn. App. 177, 797 P.2d 516 (1990), Robinson contends that the constitutional right to be tried by an elected superior court judge accountable to the electorate is a "substantial" right which an attorney cannot waive without his client's consent.

■ Robinson's argument and the decisions he cites[1] overlook the plain language of Const. art. 4, § 7, which expressly allows either the parties *or their attorneys* to stipulate to

---

[1] We note that the decisions cited by Robinson are distinguishable. In *Sain*, the defendant's attorney stipulated in writing to use of a judge pro tempore,

use of a judge pro tempore and to thereby waive the right to an elected judge. The constitution does not require an attorney to obtain his client's consent before signing such a stipulation. Therefore, whether the right to an elected judge is a "substantial" right[2] is irrelevant.

This analysis is consistent with, and supported by, our State Supreme Court's decision in *Burton v. Ascol*, 105 Wn.2d 344, 715 P.2d 110 (1986). In that case, Burton brought a lien foreclosure action for work he performed as a general contractor and the defendant counterclaimed against Burton and filed a claim against Burton's surety. The attorney for Burton's surety appeared at the beginning of trial, but subsequently excused himself from participating in the proceedings and turned all matters relevant to the conduct of the trial over to the attorney representing Burton. Burton's attorney, along with the defendant's counsel, stipulated to use of a judge pro tempore. The trial court subsequently entered judgment for the defendant. On appeal, the surety argued that the judge pro tempore lacked jurisdiction to hear the case because the surety had not been informed that the judge was a pro tempore judge and had not expressly consented to use of the judge pro tempore. In rejecting this argument, the Supreme Court said that when the surety's counsel

> excused himself from participating in the proceedings and turned over to Burton's counsel all matters relevant to the conduct of the trial, he effectively delegated to Burton's counsel the authority to object to a pro tempore judge. Having given Burton's counsel general authority to try the case on its behalf, [the surety] cannot now complain that the trial court lacked jurisdiction because [the surety's counsel] never

---

but wrote on the document that the stipulation was subject to his client's signature. No such condition was asserted by Robinson's counsel in this case.

In *Mitchell*, neither the Mitchells nor their attorney consented to the judge pro tempore. Consequently, the court's discussion as to whether an attorney can consent without the express authorization of his or her client is dictum.

[2]In *State v. Belgarde*, 62 Wn. App. 684, 692 n.3, 815 P.2d 812 (1991), this court noted that "it is debatable whether a litigant's right to an elected judge is substantive rather than procedural."

explicitly consented to Judge McLean. [The surety's] challenge to the trial court's jurisdiction is, therefore, without merit.

*Burton*, at 352. The *Burton* court's reasoning demonstrates that an attorney's "general authority to try the case" authorizes him or her to stipulate to a judge pro tempore on behalf of the client, even if the client is not aware that the judge is a judge pro tempore. Thus, an attorney need not obtain a client's specific consent to a judge pro tempore.

The written stipulation by Robinson's counsel was binding on Robinson and resulted in a valid appointment of the judge pro tempore under the constitution and RCW 2.08.180. The court therefore had jurisdiction to hear the case.

Affirmed.