**NOTICE:  SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| CITY OF VANCOUVER, | ) | No. 83303-1-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CRYSTAL DAWN BOLDT, | ) | PUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | |

VERELLEN, J. — RCW 3.42.020 controls when and how a district court commissioner has the authority to preside over a criminal trial. It provides a district court commissioner the same power and authority as a district court judge but prohibits a commissioner from presiding over a criminal or a civil jury trial "unless agreed to on the record by all parties." This is a procedural statute. An attorney is presumed to have authority to speak for their client on procedural matters.

Crystal Boldt argues her conviction for third degree theft in Clark County District Court is invalid because she did not personally consent to a commissioner presiding over her trial. But because the appointment of the presiding judicial officer over a district court criminal trial is a procedural matter and defense counsel had the authority to act on Boldt's behalf, her attorney's consent on the record was sufficient to provide authority for a commissioner to preside under RCW 3.42.020.

Therefore, we affirm.

No. 83303-1-I/2

FACTS

Boldt was charged with third degree theft in Clark County District Court for taking merchandise from a store in Vancouver (the City). At the readiness hearing two weeks before trial, District Court Judge Kelli Osler told the parties she might be "double, triple booked" on the day of trial and asked, "[I]s there an objection to having [a] commissioner hear this case?"[1] Defense counsel said, "[N]o objection," and Boldt said nothing.[2] The prosecutor also consented on the City's behalf. District Court Commissioner Todd George presided over trial without any objection, and the jury found Boldt guilty.

Boldt filed a RALJ appeal and, for the first time, argued her sentence was invalid because she never consented under RCW 3.42.020 to having a commissioner preside. The RALJ court concluded she consented and affirmed.

A commissioner granted Boldt's petition for discretionary review to consider whether RCW 3.42.020 requires a defendant's personal consent for a district court commissioner to preside over a criminal trial.

ANALYSIS

Boldt contends her conviction is invalid because she did not personally consent to a commissioner presiding over her trial, depriving Commissioner George of the authority to do so under RCW 3.42.020. The City argues RCW 3.42.020 lets a district court commissioner preside over a criminal trial when the parties or their attorneys consent in open court.

---

[1] Clerk's Papers at 289.

[2] Id.

No. 83303-1-I/3

Boldt relies on State v. Sain[3] to argue article IV, section 5 of the Washington Constitution grants a criminal defendant in district court the right to an elected judicial officer presiding at trial. Because this is a constitutional right, she contends it can be waived under RCW 3.42.020 by the defendant alone. She is mistaken.

Article IV, section 5 requires only that at least one superior court judge in each county be elected.[4] From this, the Sain court concluded article IV, section 5 granted "a substantial right" to criminal defendants in superior court "to be tried in a court presided over by an elected superior court judge."[5] But in State v. Belgarde, our Supreme Court rejected Sain's analysis, concluding "art[icle] IV, sec[tion] 5 does not expressly grant a right to a trial presided over by an elected superior court judge."[6] Indeed, article IV, section 5 actually "envisions that unelected superior court judges will perform judicial duties."[7] The court explained Sain is limited to a "narrow question" considering the authority of pro tem judges in superior court.[8]

The Washington Constitution grants the legislature "sole authority to determine the jurisdiction and powers of [district] courts."[9] The constitution does not grant district court defendants the right to an elected judge.[10] There is no constitutional limitation on

---

[3] 34 Wn. App. 553, 663 P.2d 493 (1983).

[4] State v. Belgarde, 119 Wn.2d 711, 720, 837 P.2d 599 (1992).

[5] Sain, 34 Wn. App. at 557.

[6] 119 Wn.2d 711, 721, 837 P.2d 599 (1992).

[7] Id.

[8] Id.

[9] State v. Hastings, 115 Wn.2d 42, 49, 793 P.2d 956 (1990) (citing WASH. CONST. art. IV, §§ 1, 10, 12).

[10] Id. at 46.

3

No. 83303-1-I/4

allowing a district court commissioner to preside over a criminal trial in district court.[11]

Because Boldt's argument does not implicate a constitutional right, the legislative intent

behind RCW 3.42.020 controls our analysis.

We review issues of statutory interpretation de novo.[12] We interpret statutes to

identify and carry out the intent of the legislature as shown by the statute's plain

meaning.[13] A statute's plain meaning is shown by its own terms and by related

statutes.[14] "To adhere to established principles of statutory interpretation," a court

should be "reluctant to accept literal readings with . . . 'strained consequences,'

---

[11] Id. at 49 (citing WASH CONST. art. IV, §§ 1, 10, 12); see State v. Bliss, 191 Wn. App. 903, 908, 365 P.3d 764 (2015) ("The legislature has sole authority to prescribe [district courts'] jurisdiction and powers.") (citing Young v. Konz, 91 Wn.2d 532, 540, 588 P.2d 1360 (1979)).

[12] State v. Armendariz, 160 Wn.2d 106, 110, 156 P.3d 201 (2007) (citing State v. J.P., 149 Wn.2d 444, 449, 69 P.3d 318 (2003)). Boldt also argues she raises an issue of jurisdiction. She is mistaken. "'Jurisdiction is the power and authority of the court to act.'" ZDI Gaming Inc. v. State ex rel. Washington State Gambling Comm'n, 173 Wn.2d 608, 616, 268 P.3d 929 (2012) (internal quotation marks omitted) (quoting Dougherty v. Dep't of Labor & Indus. for State of Washington, 150 Wn.2d 310, 315, 76 P.3d 1183 (2003)). Where the court has authority over the parties, the type of controversy, and the authority to enter a particular judgment, then it has jurisdiction over the case. Ronald Wastewater Dist. v. Olympic View Water & Sewer Dist., 196 Wn.2d 353, 368, 474 P.3d 547 (2020) (citing John Hancock Mut. Life Ins. Co. v. Gooley, 196 Wash. 357, 370, 83 P.2d 221 (1938)). Boldt does not challenge Clark County District Court's authority over her person or its ability to hear and enter judgment on the criminal charges against her. Instead, her challenge is to the steps required by RCW 3.42.020 to grant a commissioner authority to preside over a criminal trial in district court. This is distinct from a true question of jurisdiction.

[13] J.P., 149 Wn.2d at 450 (citing Nat'l Elec. Contractors Ass'n v. Riveland, 138 Wn.2d 9, 19, 978 P.2d 481 (1999)).

[14] Id. (citing Dep't of Ecology v. Campbell & Gwinn, L.L.C., 146 Wn.2d 1, 11, 43 P.3d 4 (2002); State v. Clausing, 147 Wn.2d 620, 630, 56 P.3d 550 (2002) (Owens, J. dissenting)).

4

No. 83303-1-I/5

especially when they do not align with the statute's purpose and plain meaning of its text."[15]

Under RCW 3.42.020, the legislature granted a district court commissioner the same "power, authority, and jurisdiction in criminal and civil matters" as a district court judge. But a commissioner has no "authority to preside over trials in criminal matters, or jury trials in civil matters unless agreed to on the record by all parties."[16] Here, it is undisputed that both parties' attorneys agreed on the record to a commissioner presiding at trial.[17] Thus, the question is whether "all parties" includes the parties' attorneys.

Boldt contends the ordinary dictionary meaning of "parties" in absence of the term "attorneys" means the legislature intended to require a defendant's personal consent.

When, as here, a term is undefined, we can use a dictionary to give a term its ordinary meaning.[18] "Party" is synonymous with "litigant," meaning "anyone who both is directly interested in a lawsuit and has a right to control the proceedings, make a

---

[15] State v. Bergstrom, No. 99347-5, slip op. at 15-16 (Wash., Jan. 27, 2022), http://www.courts.wa.gov/opinions/pdf/993475.pdf (quoting State v. Fjermestad, 114 Wn.2d 828, 835, 791 P.2d 897 (1990)).

[16] RCW 3.42.020.

[17] Boldt asserts the parties must give their consent in writing. But she does not explain why an agreement "on the record" must be in writing. A writing submitted to the court could be sufficient, but it is not necessary. Because she cites no apt authority for her position, and we do not add terms to an unambiguous statute, J.P., 149 Wn.2d at 450 (citing State v. Delgado, 148 Wn.2d 723, 727, 63 P.3d 792 (2003); Davis v. Dep't of Licensing, 137 Wn.2d 957, 963, 977 P.2d 554 (1999)), this argument fails.

[18] HomeStreet, Inc. v. State, Dep't of Revenue, 166 Wn.2d 444, 451, 210 P.3d 297 (2009) (citing Garrison v. Wash. State Nursing Bd., 87 Wn.2d 196, 196, 550 P.2d 7 (1976)).

defense, or appeal from an adverse judgment."[19]  Thus, reading RCW 3.42.020 literally,

"party" could be consistent with Boldt's contention.  But determining plain meaning also

includes consideration of related statutes and avoiding strained results.[20]

Boldt's literal interpretation of "parties" is unconvincing because it leads to

"'strained consequences'" for the judicial system and would undermine the statute's

purpose.[21]  For example, RCW 3.34.110(1)(b) governs the disqualification and

replacement of judicial officers, including commissioners, in a district court proceeding.

To move for disqualification, "a party files an affidavit that the party cannot have a fair

and impartial trial or hearing."[22]  Under Boldt's interpretation, a party must personally file

the affidavit and cannot authorize counsel to do so.  Similarly, RALJ 2.4(a) provides for

who may initiate appeals from a district court proceeding and states, "A party . . . must

file a notice of appeal in the court of limited jurisdiction."  Read literally, an incarcerated

defendant must personally file their notice of appeal and cannot rely on defense counsel

to do so.  And, as applied to RCW 3.42.020, civil litigants would be required to

personally appear in district court to authorize a commissioner presiding over their jury

trial.  By adding this impediment, Boldt's interpretation would limit the efficient

convenience intended from letting a commissioner preside.

---

[19] BLACK'S LAW DICTIONARY 1150-51 (11th ed. 2019); accord Nat'l Bank of Washington, Coffman-Dobson Branch v. McCrillis, 15 Wn.2d 345, 357, 130 P.2d 901 (1942) (defining "parties litigant" in art. IV, § 7 as "the antagonistic sides of a controversy . . . the real parties in interest") (citations omitted).

[20] J.P., 149 Wn.2d at 450 (citing Campbell & Gwinn, 146 Wn.2d at 11; Clausing, 147 Wn.2d at 630).

[21] Bergstrom, No. 99347-5, slip op. at 15-16 (citing Fjermestad, 114 Wn.2d at 835).

[22] RCW 3.34.110(1)(b).

"Efficient trial management and effective advocacy would be undermined if courts required client approval every time an attorney makes a strategic decision during a case."[23] Presumably, the legislature was aware of the authority typically granted attorneys when it enacted RCW 3.42.020, particularly because criminal defendants are guaranteed legal representation.[24] The legislature would not have limited attorneys' well-established authority without showing its intent to do so. Read in context rather than literally, "parties" in RCW 3.42.020 includes the parties' attorneys.

Because Boldt's attorney could consent, the question is whether she was authorized to do so. "A lawyer appears in a trial as the representative and alter ego of [their] client,"[25] and, we presume that counsel acts with their client's approval.[26] Every defense counsel is "impliedly authorized to waive procedural matters" on their client's behalf.[27] Defense counsel can waive a client's substantive rights when expressly authorized to do so.[28]

---

[23] State v. Hernandez, 6 Wn. App. 2d 422, 427, 431 P.3d 126 (2018) (citing Gonzalez v. United States, 553 U.S. 242, 250, 128 S. Ct. 1765, 170 L. Ed. 2d 616 (2008); New York v. Hill, 528 U.S. 110, 114-15, 120 S. Ct. 659, 145 L. Ed. 2d 560 (2000)).

[24] U.S. CONST. amend. VI; art. I, § 22.

[25] State v. Peeler, 7 Wn. App. 270, 274, 499 P.2d 90 (1972).

[26] Id. (citing State v. Elder, 130 Wash. 612, 228 P. 1016 (1924)).

[27] State v. Cobos, 178 Wn. App. 692, 699, 315 P.3d 600 (2013) (citing Graves v. P.J. Taggares Co., 94 Wn.2d 298, 303, 616 P.2d 1223 (1980); Sain, 34 Wn. App. at 556-57).

[28] Id. (citing Graves, 94 Wn.2d at 303; Sain, 34 Wn. App. at 556-57). We note, though, that express authorization need not always be given on the record. E.g., State v. Thomas, 128 Wn.2d 553, 559, 910 P.2d 475 (1996) (explaining a defendant's personal waiver of the right to testify need not be made on the record).

No. 83303-1-I/8

Boldt argues RCW 3.42.020 grants a party a substantive right to an elected judicial officer at trial, so the absence of her personal authorization made defense counsel's consent invalid. The City contends RCW 3.42.020 does not grant a substantive right.

"There is not always a 'clear line of demarcation' between that which is substantive and that which is procedural."[29] When faced with this issue, courts apply "general guidelines" from State v. Smith[30] to "differentiate[ ] between substantive and procedural matters."[31]

> "Substantive law prescribes norms for societal conduct and punishments for violations thereof. It thus creates, defines, and regulates primary rights. In contrast, practice and procedure pertain to the essentially mechanical operations of the courts by which substantive law, rights, and remedies are effectuated."[32]

The identity of a presiding judicial officer and the mechanism of that officer's appointment plainly "pertain to the essentially mechanical operations of the courts."[33] RCW 3.42.020 is a procedural rather than substantive statute.

Defense counsel is always implicitly authorized to decide procedural matters.[34] Because Boldt's defense counsel decided a procedural matter, and nothing in the

---

[29] State v. Gresham, 173 Wn.2d 405, 431, 269 P.3d 207 (2012) (quoting State v. Smith, 84 Wn.2d 498, 501, 527 P.2d 674 (1974)).

[30] 84 Wn.2d 498, 527 P.2d 674 (1974).

[31] State v. Templeton, 148 Wn.2d 193, 213, 59 P.3d 632 (2002); see Gresham, 173 Wn.2d at 431 (applying the same).

[32] Templeton, 148 Wn.2d at 213 (quoting Smith, 84 Wn.2d at 501).

[33] Smith, 84 Wn.2d at 501.

[34] Cobos, 178 Wn. App. at 699 (citing Graves, 94 Wn.2d at 303; Sain, 34 Wn. App. at 556-57).

8

record suggests Boldt revoked her authority to do so, all parties agreed on the record to

a commissioner presiding over the criminal trial, consistent with RCW 3.42.020.

Therefore, we affirm.

WE CONCUR: