

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 30658-5-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| IGNACIO COBOS, | ) | PUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

FEARING, J. — Statutes and case law aspire to accurate criminal sentences regardless of untimely objections to their correctness and despite a previous failure to supply sufficient data to levy informed sentences. "[Our] purpose is to preserve the integrity of the sentencing laws" and to avoid widely varying sentences. *State v. Mendoza*, 165 Wn.2d 913, 920, 205 P.3d 113 (2009) (citing *State v. Ford*, 137 Wn.2d 472, 478, 973 P.2d 452 (1999)). We have the opportunity to fulfill this aspiration and satisfy this purpose in this appeal.

INTRODUCTION AND RULING

A jury convicted Ignacio Cobos of delivery of methamphetamine, possession of

methamphetamine, and voyeurism. The trial court sentenced Cobos to 120 month's confinement.

Cobos appeals his sentence, arguing that, despite timely objecting to his offender score at sentencing, the court failed to hold an evidentiary hearing. The State concedes Cobos objected to his offender score at a sentencing hearing, but argues that, at a prior sentencing hearing, his attorney agreed with the offender score, and the State relied on the agreement. The State also argues that, if this court finds Cobos' subsequent objection to his offender score negates his attorney's prior representation, it be allowed, on remand, to enter certified records of Cobos' prior convictions to substantiate his offender score. Cobos opposes the State's entreaty and requests this court hold the State, on remand, to the existing record. We agree with Cobos that he is entitled to a sentencing evidentiary hearing and agree with the State that it may enter additional evidence at the new hearing.

## FACTS

After Ignacio Cobos' convictions, the court scheduled sentencing hearings for January 18, and January 31, 2012. Both hearing dates were postponed and the first sentencing hearing was held on February 7, 2012.

At the February 7 hearing, Cobos moved to represent himself. After Cobos brought the motion, but before the court granted the motion, the State and Cobos' attorney agreed on an offender score of 9. Afterward, the sentencing court granted

Cobos' motion to represent himself and, at the request of Cobos, the court continued the sentencing hearing one week to February 14, 2012.

At the February 14 hearing, Cobos objected for the first time to his offender score listed in the report. CrR 7.1(c) requires a party challenging a presentence report to notify opposing counsel at least three days before the sentencing hearing. When questioned why he objected, Cobos replied that he must verify whether convictions included in his score were reversed on appeal. During the Valentine's Day hearing, the court also expressed concern over a discrepancy between the presentence investigation report (PSI) and the Interstate Identification Index (Triple I). The PSI omitted one conviction contained in the Triple I.

During the February 14 hearing, the State alertly offered to obtain certified records of Cobos' judgments and sentences if the court continued the sentencing hearing. Cobos objected to a postponement, claiming a right to "speedy sentencing." Verbatim Report of Proceedings (Feb. 14, 2012) at 20. RCW 9.94A.500(1) requires that sentencing occur within 40 days of a defendant's conviction, but a court may extend that time period for good cause shown or on its own motion. And, when a defendant objects to facts material to their offender score, a sentencing court must hold an evidentiary hearing. RCW 9.94A.530(2).

During the February 14 sentencing hearing, the court gave Ignacio Cobos

3

two options: (1) continue the sentencing hearing for one week so that the State can obtain certified records of his prior convictions, or (2) proceed with the sentencing hearing and the court would rely on the offender score his former attorney and the State agreed to at the February 7 hearing. Cobos rejected both options, and the court proceeded with sentencing. Relying on Cobos' former attorney's representation that the offender score is accurate, the court sentenced Cobos to 120 months.

## ANALYSIS

*Sentencing Hearing.* Ignacio Cobos asks this court to remand his sentencing because he objected to his offender score and the sentencing court failed to hold an evidentiary hearing to establish his prior convictions. The State responds that it reasonably relied on the ratification of Cobos' offender score by his attorney at the February 7 hearing, such that an evidentiary hearing was unneeded. We grant Cobos' request.

The trial court must conduct a sentencing hearing before imposing a sentence on a convicted defendant. RCW 9.94A.500(1); *State v. Hunley*, 175 Wn.2d 901, 908, 287 P.3d 584 (2012). A defendant's criminal history or offender score affects the sentencing range and is generally calculated by adding together the defendant's current offenses and prior convictions. RCW 9.94A.589(1)(a); *Hunley*, 175 Wn.2d at 908-09. At sentencing, the State bears the burden to prove the existence of prior convictions by a preponderance of the evidence. *Mendoza*, 165 Wn.2d at 920. The State, not the defendant, holds the

4

obligation to assure that the record before the sentencing court supports the criminal history determination. *Ford*, 137 Wn.2d at 480. The best evidence of a prior conviction is a certified copy of the judgment. *State v. Lopez*, 147 Wn.2d 515, 519, 55 P.3d 609 (2002) (quoting *Ford*, 137 Wn.2d at 480). Bare assertions, unsupported by evidence, do not satisfy the State's burden to prove prior convictions. *Hunley*, 175 Wn.2d at 910.

When a convicted defendant disputes facts material to his sentencing, "the court must either not consider the fact or grant an evidentiary hearing on the point." RCW 9.94A.530(2); *accord State v. Cadwallader*, 155 Wn.2d 867, 874, 123 P.3d 456 (2005). Thus, we must ask: (1) whether Cobos' objection to the offender score at the February 14 hearing overrode his former counsel's ratification at the February 7 hearing, (2) whether the facts to which Cobos objected were material to his sentencing, and (3) whether the court considered those facts when sentencing Cobos.

We rule that Ignacio Cobos' objection to his offender score at the February 14 hearing superseded his former attorney's representation. After winning the motion to represent himself, Cobos should have become the master of his legal strategy. The court had yet to determine the score. His counsel had agreed to a score while Cobos' motion to represent himself was pending. Thus, the State was on notice that counsel may be

5

shortly removed. Sentencing is a critical step in the criminal justice system. *Hunley*, 175 Wn.2d at 910 (quoting *In re Pers. Restraint of Williams*, 111 Wn.2d 353, 357, 759 P.2d 436 (1988)). Since the offender score affected Cobos' length of punishment, the score concerned a substantive right, not a procedural right, *Miller v. Florida*, 482 U.S. 423, 107 S. Ct. 2446, 96 L. Ed. 2d 351 (1987); *Mead v. Comm'r of Corr.*, 282 Conn. 317, 323, 920 A.2d 301 (2007); *Krebs v. State*, 534 So.2d 1236, 1237 (Fla. Dist. Ct. App. 1988), for which counsel lacked authority to bind his client.

An attorney can waive his client's substantive rights only with specific authorization. *State v. Ford*, 125 Wn.2d 919, 922, 891 P.2d 712 (1995) (quoting *In re Adoption of Coggins*, 13 Wn. App. 736, 739, 537 P.2d 287 (1975)). While an attorney is impliedly authorized to waive procedural matters, a client's substantial rights may not be waived without that client's consent. *Graves v. P.J. Taggares Co.*, 94 Wn.2d 298, 303, 616 P.2d 1223 (1980); *State v. Sain*, 34 Wn. App. 553, 556-57, 663 P.2d 493 (1983). Although no case directly answers the question, a rule mentioned in passing in one decision suggests that an opposing party may not assume an attorney has authority to bind his client on any matter, when the opposing party has notice that the client wishes to terminate the services of the attorney, regardless of whether the attorney has yet to withdraw. In *Haller v. Wallis*, 89 Wn.2d 539, 547, 573 P.2d 1302 (1978), our high court wrote:

6

But once a party has designated an attorney to represent him in regard to a particular matter, the court and the other parties to an action are entitled to rely upon that authority until the client's decision to terminate it has been brought to their attention.

Our Supreme Court has also held that a sentencing court must conduct an evidentiary hearing when a defendant objects to the State's calculation of the offender score, even if that defendant's counsel agreed with the offender score. *State v. Bergstrom*, 162 Wn.2d 87, 169 P.3d 816 (2007). In *Bergstrom*, the State relied on Bergstrom's attorney's acknowledgment of the standard sentence range and offender score. *Id.* at 95. Despite the State's reasonable reliance, the court still held that, because the sentencing court considered Bergstrom's pro se motion objecting to his offender score, "the sentencing court erred when it failed to hold an evidentiary hearing and instead sentenced Bergstrom." *Id.* at 97. Bergstrom had not sought or been granted the ability to represent himself, but only disagreed with his counsel. *Id.* at 91. The *Bergstrom* ruling applies with stronger force to Cobos' situation since he represented himself by the time of the sentencing hearing.

Cobos also shows the facts to which he objected were material. Cobos objected to every prior conviction. Because the prior convictions control his offender score, his objections are material. RCW 9.94A.525.

The sentencing court relied on the material facts to which Cobos objected when determining his sentence. The court's remarks at sentencing show it imposed the

7

maximum sentence possible because many prior convictions demonstrated prison will not change his behavior.

In short, the sentencing court erred when it failed to hold an evidentiary hearing and instead relied on material facts to which Cobos objected.

*Evidence at Resentencing.* Ignacio Cobos contends the State should be precluded from entering new evidence into the record on the remand for resentencing. He relies on *State v. Lopez*, 147 Wn.2d 515, 55 P.3d 609 (2002) where the court precluded the State from entering new evidence of the defendant's alleged prior convictions on remand for resentencing because the defense timely notified the State of its obligation to establish the prior convictions. Cobos' case is unlike *Lopez* and more analogous to *Bergstrom*, where the State was allowed to introduce new evidence on remand for resentencing because the defendant's pro se objection was untimely, and the sentencing court failed to hold an evidentiary hearing. *Bergstrom*, 162 Wn.2d 87.

We need not decide, however, whether to follow *Lopez* or *Bergstrom*. Subsequent to the two decisions, the state legislature amended RCW 9.94A.530(2) to permit, in all cases, new evidence at resentencing. RCW 9.94A.530(2) now reads:

> On remand for resentencing following appeal or collateral attack, the parties shall have the opportunity to present and the court to consider all relevant evidence regarding criminal history, including criminal history not previously presented.

8

*See* LAWS OF 2008, ch. 231, § 4. The intent of this amendment is confirmed by another 2008 amendment. *See* LAWS OF 2008, ch. 231, § 1. Former RCW 9.94A.525(21) (2008) provided: "Prior convictions that were not included in criminal history or in the offender score shall be included upon any resentencing to ensure imposition of an accurate sentence."

Our high court has proclaimed as unconstitutional two sections of the 2008 amendments, one that requires the defendant to affirmatively object to a score and one that declares presentence reports prima facie evidence because of a violation of due process rights. *Hunley*, 175 Wn.2d 901. Nevertheless, the amendment to RCW 9.94A.530(2), allowing inclusion of additional convictions on resentencing, is constitutional. The amendment is consistent with the United States Supreme Court's holding in *Monge v. California*, 524 U.S. 721, 118 S. Ct. 2246, 141 L. Ed. 2d 615 (1998), that double jeopardy is not implicated at resentencing following an appeal or collateral attack. Our Supreme Court has already permitted the entry of new evidence upon resentencing. *Bergstrom*, 162 Wn.2d 87.

No. 30658-5-III
*State v. Cobos*

CONCLUSION

We remand for resentencing and allow both the State and Cobos to supplement the record.

Fearing, J.
_____
Fearing, J.

WE CONCUR:

_____
Siddoway, A.C.J.

_____
Kulik, J.