

FILE
IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON
DATE NOV 2 6 2014
Madsen, C.J.
CHIEF JUSTICE

This opinion was filed for record
at 8:00 Am on Nov. 26, 2014

Ronald R. Carpenter
Supreme Court Clerk

IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 89900-2 |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | En Banc |
| | ) | |
| IGNACIO COBOS, | ) | |
| | ) | Filed NOV 2 6 2014 |
| Petitioner. | ) | |
| | ) | |

GONZÁLEZ, J.—Ignacio Cobos represented himself at his sentencing hearing and objected to the State's calculation of his offender score. The trial judge sentenced Cobos with the offender score asserted by the State without holding an evidentiary hearing because Cobos's former counsel had agreed to the score prior to being discharged. The Court of Appeals found the sentencing court erred in failing to hold an evidentiary hearing, remanded for resentencing, and concluded that both sides could introduce supplemental evidence of the proper score on remand. *State v. Cobos*, 178 Wn. App. 692, 700-01, 315 P.3d 600 (2013) (citing LAWS OF 2008, ch. 231, § 4 (codified at RCW 9.94A.530(2))). We granted review. *State v. Cobos*, 180 Wn.2d 1008, 325 P.3d 913 (2014). Cobos argues the State is barred from offering new evidence on remand under the common law "no second chance" rule. Our decision is

controlled by *State v. Jones*, No. 89302-1 (Wash. Nov. 26, 2014), where we held that

RCW 9.94A.530(2) supersedes our common law "no second chance" rule.

Accordingly, we affirm the Court of Appeals.

FACTS AND PROCEDURAL HISTORY

Cobos was convicted of delivery of methamphetamine, possession of

methamphetamine, and voyeurism. At his sentencing hearing, Cobos moved to

represent himself. Before the court ruled on his motion, defense counsel and the State

agreed Cobos had an offender score of 9. The court granted Cobos's motion to

represent himself, and sentencing was continued without revisiting the offender score

calculation.[1] At the second sentencing hearing a week later, Cobos objected to the

State's summary of his criminal history.

The State offered to obtain certified copies of the judgments and sentences and

suggested a two-week continuance. Cobos objected to a continuance and maintained

his objection to the calculation of his offender score. Verbatim Report of Proceedings

(Feb. 14, 2012) at 24 ("I don't agree to that calculation of the offender score. . . . And

if the Court wants to continue the sentencing, that's up to the Court. . . . I just want to

-- to note an objection."). The court proceeded with sentencing based on the State's

asserted offender score of 9 and sentenced Cobos to 120 months' confinement.

Cobos appealed, and the Court of Appeals held the sentencing court erred when

---

[1] This summary of facts is based on the criminal minute sheet from the February 7, 2012, sentencing. A transcript of that hearing is not in our record.

2

it failed to hold an evidentiary hearing and instead relied on material facts to which Cobos objected. *Cobos*, 178 Wn. App. at 700. The Court of Appeals held the parties could introduce new evidence regarding criminal history pursuant to the 2008 statutory amendment to the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW. *Id.* at 700-01. Cobos filed a pro se petition for review, which we granted. *Cobos*, 180 Wn.2d 1008. Cobos declined appointment of counsel to handle his appeal.

ANALYSIS

Cobos argues the State should be held to the existing record on remand under the common law "no second chance" rule. Under our common law, on remand for resentencing following the appeal of a sentencing error, the State was permitted to introduce new evidence if the defendant had not made a specific objection at sentencing. *State v. Ford*, 137 Wn.2d 472, 485-86, 973 P.2d 452 (1999). *But see In re Pers. Restraint of Cadwallader*, 155 Wn.2d 867, 876-78, 123 P.3d 456 (2005) (holding that under unique circumstances, State was not permitted to introduce new evidence on remand even though defendant did not object). But where a defendant made a specific objection at sentencing, the State was generally held to the original sentencing record. *Ford*, 137 Wn.2d at 485; *State v. Lopez*, 147 Wn.2d 515, 520-21, 55 P.3d 609 (2002). *But see State v. Bergstrom*, 162 Wn.2d 87, 96-98, 169 P.3d 816 (2007) (permitting State to introduce new evidence where defense counsel had

acknowledged criminal history over defendant's pro se objection). The "no second chance" rule served to preserve judicial economy. *See Jones*, slip op.

Subsequent to the development of the common law rule, the legislature amended several provisions of the SRA in 2008 "to ensure that sentences imposed accurately reflect the offender's actual, complete criminal history, whether imposed at sentencing or upon resentencing." LAWS OF 2008, ch. 231, § 1. In relevant part, RCW 9.94A.530(2) was amended to provide that "[o]n remand for resentencing following appeal or collateral attack, the parties shall have the opportunity to present and the court to consider all relevant evidence regarding criminal history, including criminal history not previously presented." LAWS OF 2008, ch. 231, § 4.

In *Jones*, we held that this provision of RCW 9.94A.530(2) superseded our common law "no second chance" rule. Cobos does not challenge the statute and raises no additional arguments for our consideration, and so we follow our decision in *Jones* and affirm the Court of Appeals.

Gonzáles, J.

WE CONCUR:

Madsen, C. J.

Stephens, J.

Wiggins, J.

Owens, J.

González, M. J.

Fairhurst, J.

J.