IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 32457-5-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEVONN DESHEA KINSEY, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

FEARING, J. — Devonn Kinsey appeals two facets of his judgment and sentence on

a conviction for felony harassment. First, he argues the trial court erred when declaring

his offender score to be nine plus. Second, he contends the trial court erred when levying

discretionary legal financial obligations (LFOs) without assessing his ability to pay. We

affirm Kinsey's sentence, but, based on *State v. Blazina*, 182 Wn.2d 827, 344 P.3d 680

(2015) we vacate his discretionary LFOs.

## FACTS

Devonn Kinsey's conviction arises from an altercation with a police officer.

Pasco Police Officer David Herrera responded to a reported shooting at the Sage n Sun

Motel in Pasco. After arriving near the motel, Officer Herrera saw a black BMW with three occupants depart the Sage n Sun parking lot without signaling. Herrera stopped the BMW. One of the passengers, Devonn Kinsey, argued with Herrera and other responding officers. Officer Herrera discovered that Kinsey had an outstanding Department of Corrections warrant and arrested him. When David Herrera and Devonn Kinsey disembarked at the Franklin County Jail, Kinsey called the officers names and threatened to shoot them once released on bail.

## PROCEDURE

The State of Washington charged Devonn Kinsey with one count of felony harassment in violation of RCW 9A.46.020(1)(a)(i) and (2)(b)(iii), based on his threat to kill a law enforcement officer. The jury found Kinsey guilty of felony harassment.

At Devonn Kinsey's sentencing hearing, the State requested that the trial court sentence Kinsey to sixty months' confinement, based on an offender score of nine plus. Kinsey challenged the State's calculation of his offender score. He argued that the State failed to prove the convictions comprising the score because it did not provide certified copies of the judgment and sentences for each of his earlier offenses. Kinsey asked for a low end sentence of fifty-one months.

The trial court calculated Devonn Kinsey's offender score as nine plus and sentenced Kinsey to sixty months' confinement. In so ruling, the lower court reviewed a victim impact statement from Officer Herrera that attested to additional security

2

precautions the officer underwent for himself and his family in light of Kinsey's threat. The trial court also reviewed Kinsey's criminal history as provided in the State's proposed judgment and sentence.

After the trial court announced Devonn Kinsey's sixty month sentence, the prosecution handed the court a copy of Kinsey's criminal record taken from the Washington Judicial Information System and a copy of Kinsey's out-of-state criminal history. The criminal histories confirmed the convictions listed in the State's proposed judgment and sentence, and, in turn, corroborated an offender score of nine plus. The trial court then stated it would "admit that and has considered that." Verbatim Report of Proceedings at 145. The prosecution filed with the court Kinsey's conviction records with the final judgment and sentence.

The trial court imposed $3,989.50 in legal financial obligations and ordered Devonn Kinsey to immediately begin $100.00 monthly payments on the LFOs. $1,964.50 of the LFOs are discretionary costs. The trial court checked the judgment box that contains the boilerplate language that Kinsey had the ability or likely future ability to pay his LFOs, but the court made no verbal inquiry into Kinsey's financial situation at his sentencing hearing.

3

No. 32457-5-III
*State v. Kinsey*

LAW AND ANALYSIS

Offender Score

Devonn Kinsey first contends that insufficient evidence supports the trial court's calculation of his offender score as nine plus. He argues that, before the trial court announced its finding of his score, the State needed to provide certified copies of the judgment and sentence for each earlier conviction. He reasons that the trial court may not rely on the State's submission of lengthy abstracts of his criminal histories minutes, if not seconds, after the court overruled his objection to reliance on the proposed judgment and sentence and proclaimed an oral finding of Kinsey's offender score. Stated differently, Kinsey maintains that the State was not entitled to a second opportunity to submit evidence of his criminal history once the trial court found his offender score to be nine plus. He posits that allowing the State to admit evidence of his criminal history immediately after a verbal ruling against his objection is analogous to allowing the State to admit new evidence on remand for resentencing.

In response, the State of Washington observes that Devonn Kinsey lacks any legal citation to support his assignment of error. For this reason, we affirm the offender score calculation and sentence.

This court reviews a trial court's calculation of an offender score de novo. *State v. Tili*, 148 Wn.2d 350, 358, 60 P.3d 1192 (2003). At sentencing, the State bears the burden to prove the existence of prior convictions by a preponderance of the evidence. *State v.*

4

*Mendoza*, 165 Wn.2d 913, 920, 205 P.3d 113 (2009). The State, not the defendant, must assure that the record before the sentencing court supports the criminal history determination. *Mendoza*, 165 Wn.2d at 920. The best evidence of a prior conviction is a certified copy of the judgment. *State v. Ford*, 137 Wn.2d 472, 480, 973 P.2d 452 (1999). Nevertheless, the State may introduce other comparable documents of record or transcripts of prior proceedings to establish criminal history. *State v. Ford*, 137 Wn.2d at 480.

No Washington decision precludes a trial court from considering evidence of criminal convictions after it renders an oral finding of an offender score but before the conclusion of the sentencing hearing. Conversely, no Washington decision authorizes a trial court to review evidence of criminal convictions after announcing an offender score.

Devonn Kinsey's analogy to a resentencing upon a remand from this reviewing court suffers from a destructive flaw. The Washington Sentencing Reform Act of 1981 (SRA), ch. 9.94A RCW, expressly provides: "On remand for resentencing following appeal or collateral attack, the parties shall have the opportunity to present and the court to consider all relevant evidence regarding criminal history, including criminal history not previously presented." RCW 9.94A.530(2). Our Supreme Court applied the statute in holding that the State, upon a remand, could introduce new evidence to support a criminal sentence. *State v. Cobos*, 182 Wn.2d 12, 15, 338 P.3d 283 (2014).

The analogy to resentencing triggers an affirmation of Devonn Kinsey's trial court. If this court agreed that the trial court committed error, we would remand for new sentencing. On remand the outcome would not change, since the trial court could consider that evidence that Kinsey argues must be ignored.

Another reason compels rejecting Devonn Kinsey's assignment of error. For purposes of collateral attacks, a criminal judgment and sentence becomes final on the date of filing with the clerk of the trial court. RCW 10.73.090(3)(a). A sentence does not become final upon the trial court's oral ruling. Thus, the trial court could rely on admissible evidence in calculating Kinsey's offender score before entering the final judgment and sentence.

Devonn Kinsey's assignment of error is overly technical. Judges frequently alter oral rulings before entering final judgments. Such a practice ensures accuracy in the administration of justice.

## Legal Financial Obligations

Devonn Kinsey next contends that the trial court improperly assessed legal financial obligations without considering his financial resources under RCW 10.01.160(3). Specifically, he challenges the discretionary costs imposed by the court consisting of a $228.00 sheriff service fee, $300.00 bench warrant fee, $700.00 court-appointed attorney fee, $236.50 defense costs recoupment, and $500.00 fine pursuant to

RCW 9A.20.021. Kinsey did not object to the imposition of these costs at sentencing, but argues that he may still raise the assignment of error for the first time on appeal.

Whenever a person is convicted in superior court, the court may order the payment of LFOs as part of the sentence. RCW 9.94A.760(1). The financial obligations may include certain costs, including expenses incurred by the State in prosecuting the defendant. RCW 10.01.160(1), (2). A $500.00 victim assessment fee is mandated by RCW 7.68.035, and a $100.00 DNA collection fee is mandated by RCW 43.43.754(1). Neither fee is subject to the defendant's ability to pay. Kinsey only objects to the discretionary fees listed above.

By statute, the court is not authorized to order a defendant to pay discretionary fees unless he or she is or will be able to pay them. RCW 10.01.160(3). In determining the amount and method of payment of costs, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of costs will impose. RCW 10.01.160(3); *State v. Kuster*, 175 Wn. App. 420, 424, 306 P.3d 1022 (2013).

Devonn Kinsey does not address whether review is warranted in his appeal in light of our Supreme Court's recent opinion in *State v. Blazina*, 182 Wn.2d 827, 344 P.3d 680 (2015). The State argues that *Blazina* allows appellate courts to exercise their discretion under RAP 2.5 in deciding whether to address LFO challenges for the first time on appeal. The State asks this court to follow its opinion in *State v. Duncan*, 180 Wn. App. 246, 327 P.3d 699 (2014), *review granted*, 183 Wn.2d 1013, 353 P.3d 641 (2015).

Because of the high amount of fees imposed, we exercise our discretion to entertain Kinsey's argument.

In *State v. Blazina*, 182 Wn.2d 827, 344 P.3d 680 (2015), our Supreme Court clarified that RCW 10.01.160(3) requires the trial court "do more than sign a judgment and sentence with boilerplate language stating that it engaged in the required inquiry." Rather, the "record must reflect that the trial court made an individualized inquiry into the defendant's current and future ability to pay." *Blazina*, 182 Wn.2d at 838. This inquiry includes evaluating a defendant's financial resources, incarceration, and other debts, including restitution. *Blazina*, 182 Wn.2d at 838-39. The *Blazina* court noted reasons for review of legal financial obligations before collection activities. Devonn Kinsey's trial court made no individual determination on the record as to Kinsey's ability to pay financial obligations.

This court would normally remand to the superior court to readdress Devonn Kinsey's ability to pay. Nevertheless, the trial court judge who sentenced Kinsey serves another judicial system now. Therefore, in the interest of judicial economy, we vacate the discretionary LFOs and do not remand for another hearing.

## CONCLUSION

We affirm the trial court's offender score calculation and sentence imposed on Devonn Kinsey. We vacate Devonn Kinsey's discretionary legal financial obligations and instruct the superior court to strike those obligations without an additional hearing.

8

No. 32457-5-III
*State v. Kinsey*

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Brown, A.C.J.

_____
Korsmo, J.

9