# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46858-1-II |
| Respondent, | |
| v. | |
| STEVEN E. PINK, | Consolidated with |
| Appellant. | |
| In re the Personal Restraint Petition of | No. 48282-7-II |
| STEVEN E. PINK, | |
| Petitioner. | UNPUBLISHED OPINION |

LEE, J. — Steven E. Pink appeals the sentence imposed following his guilty plea to first degree assault, alleging the sentencing court miscalculated his offender score. In calculating Pink's offender score as 8, the sentencing court included in Pink's criminal history two 1981 convictions, a 1983 Oregon conviction for second degree robbery, and a 1995 Washington conviction for unlawful delivery of a controlled substance – methamphetamine. Pink argues the 1995 conviction should not have been included. Additionally, in his statement of additional grounds (SAG), Pink argues the 1983 conviction should not have been included. In Pink's consolidated personal restraint petition (PRP), Pink argues the trial court miscalculated his

offender score by counting the two 1981 convictions separately and further alleges he was denied

effective assistance of counsel for counsel's failure to raise this issue below. We hold that there

was no sentencing error and counsel provided effective assistance. Therefore, we affirm Pink's

sentence and deny his PRP, including his request for counsel.

FACTS

In 1999, a jury found Pink guilty of conspiracy to commit first degree murder and first

degree assault for placing a bomb at his community correction officer's (CCO's) home. *State v.

Pink*, noted at 118 Wn. App. 1049, 2003 WL 22183943 at *1 (2005). The bomb exploded when

the CCO picked it up, causing severe injuries. *Id.* The sentencing court imposed an exceptional

sentence, which this court overturned. *Id.* at *7.

Pink was returned to Grays Harbor County for re-sentencing. *State v. Pink*, noted at 144

Wn. App. 1001, 2008 WL 1723597 at *2 (2008). He had an extensive criminal history, which

included a 1981 second degree theft conviction, a 1981 taking a motor vehicle without permission

conviction, a 1983 Oregon conviction for second degree robbery, a 1990 Washington conviction

for possession of a controlled substance—more than 40 grams of marijuana, and a 1995

Washington conviction for unlawful delivery of a controlled substance—methamphetamine. At

the re-sentencing, Pink challenged the legal comparability of the Oregon conviction for second

degree robbery. *Id.* at *4. The sentencing court found the Oregon robbery conviction was properly

included in Pink's offender score and imposed a standard range sentence. *Id.* at *2-3. Pink

appealed. This court affirmed the sentence, holding that the Oregon conviction was comparable

to second degree robbery under Washington law. *Id.* at *5.

In 2009, Pink filed a PRP with our Supreme Court, arguing his conviction should be reversed because his public trial rights were violated when portions of voir dire were conducted in chambers. *In re Pers. Restraint of Pink*, 322 P.3d 790, ¶ 1 (mem) (2014). The court agreed and reversed his conviction. *Id.*

In 2014, the State filed a second amended information, charging Pink with first degree assault. Pink agreed to plead guilty to first degree assault in exchange for the State dropping the conspiracy to commit first degree murder charge. Pink agreed to the Prosecutor's Statement of Defendant's Criminal History, but wrote on the plea agreement, "point calculation is disputed." Clerk's Papers (CP) at 3. The criminal history included the convictions detailed above. The trial court accepted Pink's plea and calculated his offender score at 8, which included four points for the 1995, 1983, and two 1981 convictions. The trial court then sentenced Pink to 277 months, the high end of a standard range sentence. Pink challenges his new sentence through both a direct appeal and a PRP, which we consolidated.

## ANALYSIS

A.    DIRECT APPEAL

Pink first contends the sentencing court miscalculated his offender score. He argues the 1995 conviction is facially invalid and cannot be counted in his offender score.[1]  We disagree.

---

[1] Pink noted his objection to his offender score on his plea agreement; nevertheless, the general rule is that a defendant may challenge his offender score for the first time on appeal. *State v. Mendoza*, 165 Wn.2d 913, 919-20, 205 P.3d 113 (2009).

1.       Standard of Review

We review offender score calculations de novo. *State v. Hernandez*, 185 Wn. App. 680, 684, 342 P.3d 820 (2015), *review denied*, 185 Wn.2d 1002 (2016). The appropriate remedy for an improperly calculated offender score is remand for resentencing. *State v. Cobos*, 182 Wn.2d 12, 15-16, 338 P.3d 283 (2014).

2.       1995 Washington Conviction

Pink argues that the trial court erred when it considered his 1995 conviction because it is unconstitutional on its face. We disagree.

a.    Legal principles

The State is not required to prove the constitutional validity of prior convictions before they can be used at sentencing. *State v. Ammons*, 105 Wn.2d 175, 188, 713 P.2d 719, *cert. denied*, 479 U.S. 930 (1986). Moreover, a defendant generally has no right to contest prior convictions at a subsequent sentencing because there are more appropriate methods for contesting the validity of prior convictions. *Id.*

But a prior conviction that is unconstitutionally invalid "on its face" may not be considered at sentencing. *Id* at 187-88. "'On its face' includes the judgment and sentence and documents signed as part of a plea bargain." *State v. Webb*, 183 Wn. App. 242, 250, 333 P.3d 470 (2014) (quoting *State v. Thompson*, 143 Wn. App. 861, 866-67, 181 P.3d 858, *review denied*, 164 Wn.2d 1035 (2008)), *review denied*, 182 Wn.2d 1005 (2015). In other words, a conviction is facially invalid if constitutional invalidities are evident without further elaboration. *Ammons*, 105 Wn.2d at 188.

b.   1995 Washington conviction facially valid

Pink claims the 1995 plea statement and judgment and sentence are invalid because they incorrectly list the maximum penalty for his offense as five years imprisonment and a $10,000 fine.  Pink claims his maximum was actually double that amount because of his prior 1990 for possession of more than 40 grams of marijuana conviction.  He is incorrect.

Pink was convicted in 1995 of violating former RCW 69.50.401 (1989).  Under that statute, "Any person who violates this subsection is guilty of a crime, and upon conviction may be imprisoned for not more than five years, fined not more than ten thousand dollars, or both."  Former RCW 69.50.401(d).  Former RCW 69.50.408(a) (1989), however, states, "[a]ny person convicted of a second or subsequent offense under this chapter may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both."  Pink's prior conviction for delivery of more than 40 grams of marijuana was under chapter 69.50 RCW.  Thus, Pink argues that his statutory maximum was double what he was informed.

At the time of Pink's offense, convictions under RCW 69.50.401 were excluded from the doubling statute.  Specifically, former RCW 69.50.408(c) (1989) provides, "this section does not apply to offenses under RCW 69.50.401."  Accordingly, Pink's sentence for his former RCW 69.50.401 offense was not subject to doubling.  He was correctly advised of the maximum sentence when he pleaded guilty in 1995 to delivery of methamphetamine.  We also note that any claimed error would be inconsequential because the 1995 trial court sentenced him to 46 months,[2] which

---

[2]  We note that the trial court also sentenced Pink to one year community custody.  The law that confinement and community custody cannot exceed the statutory maximum was not enacted until 2009.  *See* former RCW 9.94A.701(8), Laws of 2009, c. 375 § 5 (eff. July 26, 2009).

is less than the statutory maximum that Pink claims was erroneous. Thus, we hold Pink's offender score was not miscalculated based on the inclusion of his 1995 conviction.

3.    SAG

In his SAG, Pink argues the trial court should not have included his 1983 Oregon conviction in calculating his offender score because the Oregon court did not read Pink his constitutional rights before accepting his guilty plea. He claims, therefore, that his plea was involuntary. This issue, however, is not properly before this court.

As stated above, a defendant generally has no right to contest prior convictions at a subsequent sentencing because there are more appropriate methods for contesting the validity of prior convictions. *Ammons*, 105 Wn.2d at 188. The exception would be a conviction that is unconstitutionally invalid on its face. *Id*. at 187-88. Pink's challenge to his 1983 conviction would require further elaboration than the judgment and sentence and plea statement; for instance, the verbatim report of proceedings would need to be reviewed. *See State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995) (issues dependent on matters outside the record are not properly before the court on direct appeal). Without more, Pink's challenge to his 1983 conviction is not properly before us.

B.    PRP

1.    Standard of Review

To prevail on his PRP, because it is not based on constitutional grounds, Pink must establish that he is being unlawfully restrained due to a "'fundamental defect which inherently results in a complete miscarriage of justice.'" *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 867, 50 P.3d 618 (2002) (quoting *In re Pers. Restraint of Fleming*, 129 Wn.2d 529, 532, 919 P.2d

66 (1996)). This test is satisfied by showing that a sentence was based upon a miscalculated offender score. *Goodwin,* 146 Wn.2d at 876. A sentence that is based upon an incorrect offender score is a fundamental defect that inherently results in a miscarriage of justice. *Id.* at 868.

2.      1981 Convictions

Pink argues his 1981 convictions were sentenced concurrently; therefore, they should have only counted as one point in calculating his offender score instead of two. We disagree.

Former RCW 9.94A.360(5)(a)(ii)(1999) (recodified as RCW 9.94A.525(5)(a)(ii) LAWS OF 2001, chapter 10, section 6) reads in part: "In the case of multiple prior convictions for offenses committed before July 1, 1986, for the purpose of computing the offender score, count all adult convictions served concurrently as one offense." The fact that a court orders a subsequent sentence be served concurrently with the remainder of a previous sentence does not automatically convert the two sentences into one concurrent sentence for the purpose of the statute. *State v. Hartley*, 41 Wn. App. 669, 673, 705 P.2d 821, *review denied*, 104 Wn.2d 1028 (1985).

In July 1981, the sentencing court entered an order deferring Pink's sentence on his second degree theft conviction. In December 1981, the court revoked Pink's probation and sentenced him on the theft conviction. On the same day, Pink was sentenced for a subsequent taking a motor vehicle without permission conviction. The sentencing court ordered that the taking a motor vehicle sentence be served concurrent with the remainder of Pink's second degree theft sentence.

Former RCW 9.94A.360(5)(b)(iii) provides that prior convictions are concurrent if "the concurrent timing of the sentences was not the result of a probation or parole revocation on the former offense." Here, the concurrent nature of the prior sentences only arises due to Pink's probation on the earlier cause number being revoked.

7

Pink argues former RCW 9.94A.360(5)(b)(iii) and the recodified statute, RCW 9.94A.525(5)(b)(iii)), were not enacted at the time of his 1981 offense and do not apply retroactively. He is mistaken. Former RCW 9.94A.360(5)(b)(iii) became effective on January 1, 1999, before the January 26, 1999 offense for which he was being sentenced. The date of the offense for which he is being sentenced is the relevant date, not the date of the prior convictions. *See* RCW 9.94A.345 (sentence determined in accordance with law in effect at time of offense).

Accordingly, the 1981 convictions were not sentenced concurrently for offender score calculation purposes on Pink's 1999 offense. The sentencing court properly counted the convictions separately.

Pink next alleges he was denied effective assistance of counsel because counsel did not object to the 1981 convictions being counted separately. Based on the above disposition, though, he cannot show deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) (a claim of ineffective assistance of counsel requires a showing that both counsel's performance was deficient, and the deficient performance prejudiced the defendant). Likewise, Pink's request for remand for resentencing and pre-hearing release are moot.

C.     APPELLATE COSTS

Pink filed a supplemental brief opposing appellate costs in light of *State v. Sinclair*, 192 Wn. App. 380, 367 P.3d 612 (2016), asserting that he does not have the ability to pay. In light of Pink's indigent status, and our presumption under RAP 15.2(f) that he remains indigent "throughout the review" unless the trial court finds that his financial condition has improved, we exercise our discretion to waive appellate costs in this matter. RCW 10.73.160(1).

8

No. 46858-1-II/
No. 48282-7-II

We affirm Pink's sentence and deny his PRP, including his request for counsel.

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040,

it is so ordered.

_____<br>Lee, J.

We concur:

_____
Worswick, P.J.

_____
Sutton, J.