
IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 33313-2-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| IGNACIO * COBOS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Ignacio Cobos, representing himself, appeals from a resentencing.

Although most of his issues are not properly before us, we agree that resentencing is

again required because parts of the sentence exceed the statutory maximum available to

the trial court. Accordingly, we reverse and remand for a new sentencing.

PROCEDURAL HISTORY

A jury convicted Mr. Cobos in 2011 of delivery of methamphetamine, possession

of methamphetamine, and voyeurism. This court affirmed his convictions, but reversed

and remanded for resentencing. *State v. Cobos*, 178 Wn. App. 692, 315 P.3d 600 (2013).

The Washington Supreme Court affirmed the resentencing directive. *State v. Cobos*, 182

Wn.2d 12, 338 P.3d 283 (2014).

At resentencing, the trial court calculated the offender score at 9+ on all counts, and imposed concurrent confinement terms of 120 months on the delivery charge, 24 months on the possession count, and 57 months on the voyeurism charge. The court also imposed concurrent community custody terms of 12 months, 12 months, and 36 months, respectively.

Mr. Cobos again appealed to this court. A lengthy series of motions and a stay of proceedings delayed resolution of this appeal. A panel considered the case without hearing argument.

ANALYSIS

Little discussion is necessary because we agree with the parties that resentencing is again required. We also will briefly explain why Mr. Cobos does not get to raise arguments unrelated to the resentencing proceeding and then consider issues that might again arise at the next sentencing.

The combined terms of incarceration and community custody cannot exceed the statutory maximum sentence for a crime. RCW 9.94A.505(5). The maximum sentence for delivery of methamphetamine is 10 years. RCW 69.50.401(2)(b). The maximum sentence for voyeurism is five years. Former RCW 9A.44.115(3) (2003); RCW 9A.20.021(1)(c).

Here, the combined sentences of imprisonment and community custody exceed the maximum terms of the delivery and voyeurism sentences. Resentencing is required on

2

those two counts. Resentencing is not required on the possession count. RCW 9.94A.171(3)(a).

Mr. Cobos also attempts to raise numerous claims attacking the validity of his conviction. However, those claims are no longer available to him. He had the opportunity to raise them in his first appeal, but either failed to do so or was unsuccessful in his arguments. They cannot now be considered. *State v. Fort*, 190 Wn. App. 202, 228, 360 P.3d 820 (2015) ("Any issue that could have been but was not raised on appeal is waived on a remand."). This rule applies even to issues of constitutional magnitude. *State v. Sauve*, 100 Wn.2d 84, 87, 666 P.2d 894 (1983). "The rule prohibiting raising an issue for the first time on remand should apply with added vigor when the appeals court remanded for resentencing only and the new issue does not impact sentencing." *Fort*, 190 Wn. App. at 229.

The parties also debate some issues that may arise at the resentencing; we summarily address three of them. (1) If Mr. Cobos is indigent at the resentencing, then the court will not be able to assess the criminal filing fee. *State v. Ramirez*, 191 Wn.2d 732, 426 P.3d 714 (2018). (2) Mr. Cobos challenges the court's prohibition on alcohol use during community custody, arguing that it is not a crime-related prohibition. However, the sentencing judge is empowered to prohibit alcohol consumption regardless of whether or not alcohol was involved in the crime. RCW 9.94A.703(3)(e). (3) Lastly,

3

No. 33313-2-III
*State v. Cobos*

Mr. Cobos contends that the trial court erred in imposing a ten year no contact order. A crime-related prohibition, including a no contact order, may be imposed up to the maximum term for the offense. *State v. Armendariz*, 160 Wn.2d 106, 120, 156 P.3d 201 (2007). Because the voyeurism conviction carries a five year maximum term, the length of the no contact order should not exceed five years.

Remanded for resentencing.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Lawrence-Berrey, C.J.

Siddoway, J.